HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN CHASE, et al.,

        Plaintiffs,

v.

DAVID J BRITTON,

        Defendant.

CASE NO. C16-5984 RBL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff[1] Chase's Motion for Partial Summary Judgment [Dkt. # 12] on his legal malpractice claim against his former attorney, Defendant Britton. The underlying case arose out of a commercial and real estate transaction between Chase on the one hand and entities named Simon and Garage Plus on the other. Chase lost a bench trial before Judge Van Dorninck in Pierce County Superior Court. He sued Britton in this Court, claiming he committed malpractice in his representation of Chase and that absent that malpractice, he would have instead won the underlying lawsuit.

---

[1] This Order will refer to the plaintiffs in the singular for clarity. The Court is aware there are two plaintiffs.

Chase now seeks partial summary judgment on all elements of his legal malpractice claims except damages. He claims there are no disputed issues of material fact on the remaining elements of his claim: duty, breach, and causation, and he seeks a ruling as a matter of law that Britton is liable to him for legal malpractice. The amount of damages to which he is entitled would remain for future adjudication.

Chase claims that Britton erroneously advised him to discontinue rent payments to Garage Plus, and that he failed to meet various pre-trial deadlines[2]. He claims that after trial, Britton failed to prepare alternate proposed Findings of Fact and Conclusions of Law, and failed to object to the Findings and Conclusions that Judge Van Doorninck ultimately entered—including particularly that she dismissed one of Garage Plus's against him *without* prejudice, leaving it free to sue him again. [*See generally* Dkt. # 12 at 5-7].

A plaintiff claiming negligent representation by an attorney in a civil matter bears the burden of proving four elements by a preponderance of the evidence: (1) The existence of an attorney-client relationship which gives rise to a **duty** of care on the part of the attorney to the client; (2) an act or omission by the attorney in **breach** of the duty of care; (3) **damage** to the client; and (4) proximate **causation** between the attorney's breach of the duty and the damage incurred. *Hizey v. Carpenter,* 119 Wash.2d 251, 260–61, 830 P.2d 646 (1992); *Bowman v. John Doe Two,* 104 Wash.2d 181, 185, 704 P.2d 140 (1985) (noting that, in legal malpractice suits, proof of attorney-client relationship is grafted onto customary elements of negligence claim) (emphasis added).

---

[2] Britton argues (and Chase concedes) that some or all of the untimely documents were either considered anyway, or ultimately excluded for other reasons.

The fourth element, proximate causation, includes "[c]ause in fact and legal causation." *Hartley v. State,* 103 Wash.2d 768, 777, 698 P.2d 77 (1985). Cause in fact, or "but for" causation, refers to "the physical connection between an act and an injury." *Id.* at 778, 698 P.2d 77. In a legal malpractice trial, the "trier of fact will be asked to decide what a reasonable jury or fact finder [in the underlying trial or 'trial within the trial'] would have done *but for* the attorney's negligence." *Daugert v. Pappas,* 104 Wash.2d 254, 258, 704 P.2d 600 (1985) (emphasis added). *See also Ang v. Martin*, 154 Wash. 2d 477, 482, 114 P.3d 637, 640 (2005).

It is clear that Britton owed his client a duty. But even if the Court accepts that Britton's efforts fell below the standard of care as a matter of law[3], Chase's motion for summary judgment on causation and the fact of (but not the amount of) damage must be denied. The Court cannot say as a matter of law that ***but for*** Britton's conduct, the outcome would have been different[4]; i.e., that Chase would have won. This is an inherently factual dispute. The Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated this 13th day of April, 2018.

Ronald B. Leighton
United States District Judge

---

[3] The Court is more than a little reluctant to hold that missing *any* deadline is malpractice as a matter of law, even where the trial court ultimately allows the document to be filed or used.

[4] Chase submits an expert report which opines that Britton failed to meet the standard of care in a variety of ways, and simply concludes:

> As a ***result*** of the foregoing breaches, the Chase plaintiffs were unable to satisfy their burden of proof and ***lost*** on all claims presented for trial.

[Dkt. # 14 at 6 (emphasis added)] This is not nearly enough to obtain summary judgment on causation, which is at inherently a factual inquiry.